Filed 7/18/25  P. v. Grayer CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B335781 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA122189) |
| v. | |
| SPENCER GRAYER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

Paul Stubb Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant and appellant was criminally charged in an amended information with (1) assault with the intent to commit rape or oral copulation during commission of a first-degree burglary (Pen. Code,[1] § 220(b)) and (2) assault with the intent to commit rape or oral copulation (§ 220(a)(1)). At a jury trial in December 2023, the prosecution presented evidence that defendant, without consent, entered a tent pitched in a Long Beach park and occupied by victim Traci R.; pulled down her dress; placed his mouth near her vagina; and ultimately inserted his penis in her vagina before a passerby gave Traci an opening to escape. The jury found defendant guilty of assault with the intent to commit rape or oral copulation, but not guilty of assault with the intent to commit rape or oral copulation during commission of a burglary. The trial court sentenced defendant to the upper term of six years, which it doubled pursuant to the Three Strikes law.[2] The court also required defendant to register as a sex offender.

Defendant appealed the judgment of conviction and this court appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues. On February 26, 2025, this court advised defendant he had 30 days to personally submit any contentions or issues he wanted us to consider. He submitted nothing in response.

---

[1]     Undesignated statutory references that follow are to the Penal Code.

[2]     Defendant sustained qualifying "strike" convictions for robbery in 2001 and assault with a deadly weapon in 2017. The prosecution moved to dismiss (only) the 2001 "strike" offense pursuant to section 1385, and the court granted the motion.

We have examined the appellate record and determined that defendant's attorney has complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-82; *People v. Kelly* (2006) 40 Cal.4th 106, 122-24; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

HOFFSTADT, P. J.

MOOR, J.

3